*Philips *against* Peck.(a)                [*104]

Where the demandant in a real action, enters into a stipulation to try the cause, or be nonsuited, he must pay the costs of the last circuit or sittings, in the same manner as plaintiffs in other causes, for not proceeding to trial.

In cases where relief is discretionary, the court may impose costs, and in such cases these do not depend on any statute, but upon the equity and discretion of the court.

This was an action on a *writ of right.* The tenant moved the usual rule against the demandant, for judgment as in cases of nonsuit, for not proceeding to trial, at the last circuit. The demandant entered into the usual stipulation, and the question was, whether he should pay the costs of the circuit.

*Harison,* for the demandant.

*P. W. Radcliff,* for the tenant.

*Per Curiam.* It is a long established rule of law, that the demandant, in a real action, neither recovers, nor pays costs, because he recovers no damages; (10 Co. 116; 1 H. Bl. 11, 12; 7 Term Rep. 268;) and therefore, although he is liable to judgment, as in cases of nonsuit, for not proceeding to trial, yet in that case, he pays no costs, because the act only gives costs in cases where the plaintiff, upon nonsuit, would be entitled to them. (2 Black. Rep. 1093; 1 B. & P. 104.) But, in many cases, the courts interpose and relieve upon certain terms, which they, in their discretion, may impose. One of these usual terms, is the payment of costs. Costs, in such cases, do not depend upon any statute, but upon the equity and discretion of the court.

Putting off a trial, for the absence of a witness, is an instance of costs being imposed, as a consideration of the rule, (1 Salk. 38,) and no doubt, a tenant, in a writ of right would be obliged to comply with the consideration, as he is, equally with any other defendant, within the equity of the rule. The case of amendments, (2 Cromp. 458,) may be mentioned

(a) S. C., C. C. 112.

as another instance of costs being imposed, as a condition of the favor, and to which the party applying must conform whether he be party to a real or personal action.

The present case is of a similar kind. It is not long since, that the court adopted the rule not to nonsuit for the first default, in not proceeding to trial, according to the [*105] *course of the court, provided, the plaintiff would stipulate to try the cause at the next circuit, or be nonsuited. (See 2 H. Bl.119. 1 Bos. & Pull. 38.)

But the payment of costs, for not proceeding to trial, was very soon added, as an equitable condition of the indulgence until another circuit; and the payment of costs, for the default at the preceding circuit, and of the motion, is now considered as a matter of course.

We are of opinion therefore, that the demandant can only be admitted to his stipulation, upon the usual terms of payment of costs; and that he ought to pay them, otherwise judgment may be entered against him, as in cases of nonsuit, *nunc pro tunc.*